# CASES DETERMINED

IN THE

# SUPREME COURT OF ARKANSAS

---

AMERICAN BAUXITE COMPANY *v.* DUNN.

## Opinion delivered July 12, 1915.

1. EVIDENCE—OPINION AS TO DRUNKENNESS.—Where plaintiff ate breakfast with witnesses, and they had opportunity to observe his conduct, their opinion as to whether he was drunk or not, at that time, is competent testimony.

2. EVIDENCE—OPINION AS TO DRUNKENNESS.—It is competent for a witness, who has had an opportunity to observe plaintiff, to state, as to whether in his opinion, the plaintiff was drunk or had that appearance, at a given time.

3. NEGLIGENCE—PERSONAL INJURIES—INTOXICATION—CONTRIBUTORY NEGLIGENCE.—The mere fact that a person was intoxicated at the time he was injured does not of itself show such contributory negligence as will defeat his recovery for such injury, but it is a circumstance to be considered in determining whether or not his intoxication contributed to his injury.

4. EVIDENCE—PERSONAL INJURY ACTION—EVIDENCE OF DRUNKENNESS.— In an action for personal injuries alleged to have been caused by defendant's negligence, when defendant's defense was that plaintiff was drunk, and was injured as a result of his condition, the testimony of certain persons, with whom plaintiff boarded, that he was drunk a short while before he was injured, is competent and admissible.

5. MASTERS AND SERVANT—DUTY TO WARN OF DANGER—BLASTING.—The question of whether defendant company was negligent in failing to warn plaintiff, an employee, that a blast was about to be set off, is a question of fact for the determination of the jury.

6. EVIDENCE—EXPERT TESTIMONY—PURPOSE OF—WEIGHT.—Experts are allowed to give testimony by way of opinion because they are presumed to have acquired more skill and knowledge and are more capable of forming a correct opinion as to the subject-matter of the question under discussion, and their opinions are admitted in evidence for the purpose of aiding the jury to understand questions which inexperienced persons are not likely to decide correctly with-

out such assistance; but the testimony of experts may receive only such consideration by the jury as the testimony may appear to the jury to deserve.

Appeal from Saline Circuit Court; *W. H. Evans,* Judge; reversed.

### STATEMENT BY THE COURT.

Edward F. Dunn instituted this action against the American Bauxite Company to recover damages for injuries received by him while in the employment of said company.

In March, 1914, the American Bauxite Company was engaged in getting ore out of its mines in Saline County, Arkansas, and had been so engaged for several years. The plaintiff, Edward F. Dunn, testified that he was forty-nine years of age, and that on the 26th day of March, 1914, he was in the employment of the American Bauxite Company engaged in stripping dirt off of the ore; that he boarded with a Mr. Lorah, who lived about a mile and a half from where he was engaged at work; that in going to and from his work he passed by a place where some of the company's servants were engaged in blasting and that it was usual to cry "fire" before a blast was set off; that on the evening of the 25th inst. before going home he hid a shovel with which he worked because it was a new one; that he got up the next morning before daylight and started to work, that he might get his shovel before any of the other employees could find it; that it commenced to rain while he was *en route* to his work and he went into a house belonging to the company and stayed there till daylight; that just after he reached the path he was accustomed to use on his way to his work a blast was fired off without any warning to him and in a few feet of him; that the shock of the explosion threw him with great violence to the ground; that he got up and tried to get away but before he could do so several other blasts were fired which again hurled him violently to the ground; and that he was subsequently carried to the hospital, where he was treated for some time.

Two physicians who attended him testified as to the character and extent of his injuries and said that they believed them to be permanent.

On the part of the bauxite company it was shown that the regular time for the plaintiff to begin work was fifteen minutes after 7 o'clock in the morning and that the plaintiff did not leave for work on the morning he was injured until 8 or 9 o'clock; that he was seen walking down the railroad track, staggering like he was drunk; that as he passed along the embankment by a deep cut he staggered and fell into the cut; that he was picked up and carried to the hospital in an unconscious condition; and that his injuries were caused by this fall.

The company showed that blasting was usually done in the morning before the men went to work, at noon while they were gone to dinner, or in the evening after they had quit work; and that blasting was never done before daylight because it would be dangerous to work with dynamite by artificial light.

In rebuttal the plaintiff denied that he was drunk on the morning he was injured, and stated that he left his boarding house about 6 o'clock in the morning and that it was not yet daylight when he was injured.

Other facts will be stated or referred to in the opinion.

The jury returned a verdict in favor of the plaintiff and the defendant has appealed.

*W. R. Donham,* for appellant.

1.   The court erred in its instructions with reference to the use of explosives in making it the absolute duty of the users thereof to protect persons from injury, whether such injury and the presence of persons within the area of danger at the time of the discharge of the explosive can be reasonably anticipated or not, thereby making the the user of the explosive an insurer against injury of all persons.   That is not the law.   26 Cyc. 1112; 53 Ark. 381; 79 Ark. 608; *Id.* 353.

2.   Likewise the court's instructions with reference to giving notice to passers-by make it the absolute duty of the user of the explosive to give such notice, whether there is any reason to believe the safety of any person will be endangered or not, whereas this court has stated the true rule to be that "one who is engaged in blasting rock will be liable for injury caused by his failure to give timely notice of a blast to one whose safety *he has reason to believe will thereby be endangered.*"   53 Ark. 381, *supra.*

3.   In charging a jury on the measure of damages, it is erroneous to use language therein which will permit the jury to consider an element of damages concerning which there has been no evidence introduced.   82 Ark. 499; 109 Ark. 29.

4.   The court's dissertation on the law relative to expert testimony, was misleading, and was an invasion of the province of the jury in their right to determine what weight should be given to the testimony of the several witnesses.

It is for the jury to determine what weight to give to an expert's opinion, under the circumstances of the particular case.   94 Ark. 75.

5.   Under the issues raised by the pleadings, it was competent to prove that appellee received his injuries because of his being drunk and falling into the deep cut, and it was patent error for the court to exclude from the jury's consideration the testimony of the witnesses offered by appellant to show his condition on the morning he was injured.   46 Ark. 182; 29 Cyc. 620; 7 Enc. of Ev. 777-8; Lawson on Expert & Opinion Evidence, 473; 79 S. W. 531; 121 Ia. 106, 96 N. W. 722.

6.   Many witnesses testified that appellee did not leave his boarding place on the morning of the injury until between 8 and 9 o'clock, in fact all so testified except the appellee himself.   If he did not leave earlier than the time stated, and if the blasting, if done at all, was done between 6 and 7 o'clock, it is clear that the plaintiff had no right to recover, and the court erred in refus-

ing an instruction covering that phase of the case. 50 Ark. 545; 77 Ark. 128; 82 Ark. 499; 93 Ark. 564.

*J. S. Utley* and *X. O. Pindall,* for appellee.

1.   The court's instructions taken as a whole, which is the only proper way to consider them, are without prejudicial error. It is certainly not proper to segregate the instructions into separate parts for the purpose of finding reversible error, as is attempted by appellant, but all must be read together.   93 Ark. 140; 85 Ark. 179; 87 Ark. 243; 83 Ark. 61.

Indefiniteness and uncertainty will ordinarily not constitute ground for reversal, in the absence of a request for more specific instructions.   38 Cyc. 1599; 34 Col. 345; 78 Ark. 100.

It is incumbent on those who are engaged in blasting to give timely notice of each blast, that one may have sufficient time to escape the danger.   19 Cyc. 10; 53 Ark. 381; 53 Ind. 337; 88 Me. 263; 34 Atl. 30; 17 Am. St. Rep. 476; 110 Mich. 78; 64 Am. St. 329; 50 Mich. 163; 45 Am. Rep. 30; 39 L. R. A. 834; 97 Am. Dec. 761; 53 Am. St. Rep. 584; 32 *Id.* 786; 23 Cent. Dig., "Explosives," § 10. A failure to give such notice is in some jurisdictions made negligence *per se* by statute, while in others the question of negligence from such omissions is for the jury.   97 Am. Dec. 761; 64 Am. St. Rep. 329. And whether or not a certain warning was sufficient has also been held a question of fact for the jury.   50 Mich. 163; 45 Am. Rep. 30.   See also 16 Ark. 308.

Persons using a powerful explosive in blasting are charged with knowledge of any fact in reference to its actual effect that they could by reasonable diligence have ascertained, and with the duty to adopt some means to protect persons placed in danger by the explosion of such blasts.   A failure to perform this duty is negligence for which they are liable in damages.   32 Am. St. Rep. 786; 4 Wash. 436; 31 Am. St. Rep. 936, note.

Those engaged in blasting are bound to give notice to all persons who may be passing within the limits of

possible danger at the time of firing the blast. 37 N. Y. 637; 97 Am. Dec. 761.

The last four lines of the court's instruction on expert testimony removes all objections the appellant raises to it. It is not in any sense an invasion of the province of the jury. 94 Ark. 538; 93 Ark. 548; 89 Ark. 178. It was not incumbent on the court to single out the appellant's theory as to the time the appellee left the boarding house and place undue emphasis upon it by giving the instruction 7, requested by appellant. 89 Ark. 522; 175 Fed. 911; 88 Ark. 7.

2. Appellant was not prejudiced by the court's action in regard to the attempt to show intoxication on the part of appellee.

HART, J., (after stating the facts). The plaintiff boarded with Mr. Lorah at the time he was injured and had boarded there about two months prior thereto. The defendant offered to prove by Mr. Lorah and his wife that they saw the defendant at the breakfast table on the morning he was injured and that he was very drunk; and that he left the house about 8 or 9 o'clock and was very drunk then.

The court specifically instructed the jury that the statements of Mr. and Mrs. Lorah as to their opinion as to whether or not the plaintiff was drunk were withdrawn from their consideration and that they could not consider such testimony under any circumstances in determining the issues in the case.

(1-2) This action on the part of the court was error. If the opinion of the witnesses had been asked as to facts not within their observation an objection to their testimony would have been good and the ruling of the court excluding it would have been correct. But the witnesses saw the plaintiff at the breakfast table and observed his conduct. They were testifying about a fact which they had observed. Whether a person is drunk or sober, or to what extent he is affected by intoxication is frequently better determined by the direct answers of those who have seen and know the person than by their

description of his conduct. Whether a person is drunk is a question which a person not an expert is competent to answer as this is something which may fairly be considered as something of common knowledge. It is generally held that a witness may state whether a certain person is intoxicated or had that appearance at a given time. The witness, in effect, describes the facts, when he gives his opinion as to the intoxication of a person whom he knows and has observed at a particular time. A witness may not be able to detail everything he has observed about a man which caused him to believe him to be drunk and yet may characterize the acts of a person whom he knows and observes such as to lead him to the opinion that he was or was not drunk at a particular time. *Commonwealth* v. *Eyler,* 217 Pa. St. 512, 10 Am. & Eng. Ann. Cas. 786, and extensive case note. The same case is also reported in 11 L. R. A. (N. S.) 639, and many cases are cited in support of it.

When a witness who knows and observes a particular person at a given time and states that in his opinion he was drunk, it is naturally understood that he had an opportunity to observe the facts upon which he bases his opinion. On this occasion Mr. Lorah and his wife were both in the dining room when the plaintiff ate his breakfast and observed his conduct while there. They were well acquainted with him, saw him leave the house, and observed his conduct at that time. Under these circumstances, the court erred in excluding from the jury their opinion as to whether or not he was drunk. The excluded testimony was competent and material to the issues involved.

(3) Though it is well settled that the mere fact that a person was intoxicated at the time he was injured does not of itself show such contributory negligence as will defeat his recovery for such injury, it is a circumstance to be considered in determining whether or not his intoxication contributed to his injury. *K. C. S. Ry. Co.* v. *Davis,* 83 Ark. 217; *McIntosh* v. *Standard Oil Co.* (Kan.), 34 Am. & Eng. Ann. Cas. 112, and case note.

(4) The testimony was material for another reason. It is the contention of the defendant in this case that the plaintiff was not injured by the firing of a blast at its mine, but that he was drunk and fell off of an embankment into a deep cut on the railroad track, and in this way received his injuries. The excluded testimony was competent as tending to prove the contention of defendant in this respect.

(5) It might also be stated that the court erred in directing the jury, as a matter of law, that the failure of the defendant to give a warning that a blast was about to be fired constituted negligence on its part. The question of the liability of the defendant under the facts and circumstances in the case depends upon the finding of negligence as a fact by the jury. It is not claimed that the blasting was unlawful, and the question of whether or not a failure to give warning that a blast was about to be fired was negligence under the facts in the case, was for the jury.

The evidence on the part of the defendant shows that the blasts were fired before the men came to work in the morning, at noon, or in the evening after they quit work; and that these blasts were always fired in the daytime because it was dangerous to work with dynamite by artificial light; and that warning was given to servants who worked in the immediate vicinity.

So it will be seen that, according to the defendant's testimony the hour. selected for blasting was one where it was not reasonable to anticipate that other servants of the company would be in the vicinity. The plaintiff did not work at the place where the blasting was done and only passed there in going to and from his work. Therefore, it can not be said, as a matter of law, that the defendant should have reasonably expected him to be within range of the explosion. On the other hand, the blasting itself being lawful, it was a question of fact for the jury to determine whether or not, under the circumstances, warning should have been given before the blast was

fired. *Driscoll* v. *Newark & Rosendale Lime & Cement Co.,* 97 Am. Dec. 761.

(6) In view of another trial, we call attention to the fact that the instruction given by the court on expert testimony was argumentative and should not have been given. We do not mean to say that we would reverse the case on account of that instruction being given but, inasmuch as the case is reversed for the errors mentioned above, we deem it proper to call the attention of the court to the verbiage of this instruction. The language is involved and argumentative. In the case of *Arkansas Southwestern Rd. Co.* v. *Wingfield,* 94 Ark. 75, the court held that it was for the jury to determine what weight the opinion of an expert is entitled to under the circumstances of a given case. Experts are allowed to give testimony by way of opinion because they are presumed to have acquired more skill and knowledge and are more capable of forming a correct opinion as to the subject-matter of the question under discussion, and their opinions are admitted in evidence for the purpose of aiding the jury to understand questions which inexperienced persons are not likely to decide correctly without such assistance. But the testimony of experts may receive only such consideration by the jury as the testimony may appear to the jury to deserve.

For the error in excluding the testimony as indicated in the opinion, the judgment will be reversed and the cause remanded for a new trial.