Submitted on briefs February 3, affirmed February 23, costs taxed May 10, 1927.

# STATE v. SIDNEY R. ALLEN.

### (253 Pac. 371.)

**Criminal Law—Opinion Evidence That Defendant was Intoxicated Held Admissible.**

1. Evidence of witnesses that in their opinion defendant was intoxicated *held* admissible without detailed description of his actions.

**Criminal Law—Amount of Evidence Necessary to Show Witnesses' Absence from Jurisdiction Held Largely Discretionary With Circuit Court Judge Admitting Their Former Testimony Before . Justice.**

2. On appeal from a Justice Court, it is largely within court's discretion to determine the amount of evidence necessary to show the absence from the jurisdiction of witnesses in the Justice Court, before allowing their former testimony, taken in shorthand, to be introduced in the Circuit Court.

**Criminal Law—Statements of Witnesses in Justice Court That They were Leaving State Held Verbal Acts, Admissible on Appeal Trial to Prove Their Absence.**

3. Where witnesses in a Justice Court trial remarked that they were leaving the state, their statements were held admissible, on Circuit Court trial, to show their absence; such testimony being regarded as verbal acts and not hearsay.

**Criminal Law—Evidence of Witnesses' Absence from State Held Sufficient on Circuit Court Trial to Justify Admission of Their Former Testimony Before Justice.**

4. Evidence that witnesses who had testified in a Justice Court trial were absent from the state during trial on appeal in the Circuit Court *held* sufficient to justify admission of their former testimony.

**Criminal Law—Where Former Testimony of Absent Witnesses was Admissible, Permitting Stenographer to Read It from Her Original Notes, if Error, Held Harmless.**

5. Circuit Court permitting stenographer to read the former testimony of absent witnesses from her shorthand notes taken during the Justice Court trial, and, upon objection, to use these notes to refresh her memory, if error, *held* harmless.

---

Criminal Law, 16 C. J., p. 751, n. 95, p. 758, n. 55, p. 759, ·n. 76 New, 84 New, p. 839, n. 74; 17 C. J., p. 242, n. 48.

1. See 11 R. C. L. 608.
2. See 8 R. C. L. 217.
5. See 8 R. C. L. 217.

From Lane: G. F. SKIPWORTH, Judge.

In Banc.

The defendant, Sidney R. Allen, was arrested on April 20, 1926, accused, by the complaint filed in the Justice's Court in Eugene, Lane County, Oregon, of driving an automobile while under the influence of intoxicating liquor. A trial was had in the Justice's Court resulting in a conviction, and he appealed therefrom to the Circuit Court of Lane County.

The evidence introduced by the state, upon the trial in the Circuit Court, tended to show that Mr. Allen, accompanied by Howard M. Brownell, left Eugene in Mr. Allen's Studebaker sedan automobile intending to go to Portland. About ten miles north of Eugene on the Pacific Highway, where there is a camp-ground on the east side of the highway, called "The Maples," he overtook Mr. Kegel, a tourist in a Chevrolet automobile, driving from California to Pennsylvania. Mr. Kegel intended to stop at this camp-ground, and for that purpose slowed his car down to make the turn into the camp-ground; and the defendant Allen swung his car to the left in order to pass, but collided with the rear fender of Kegel's car. At the moment of the collision one Bailey, in a Cadillac sedan, was traveling south on the Pacific Highway at an admitted speed of about 40 miles per hour as he approached Allen and Kegel. Allen's car, after striking the Chevrolet car, shot across the highway to the left striking the Cadillac car, causing it to turn over, doing considerable damage to the Cadillac and damaging the front end of Allen's car. A call was sent to the sheriff, and he arrived with a deputy about an hour after the accident. They looked over the scene of the wreck, examined Allen's baggage, found no

intoxicating liquor, arrested Allen and Brownell, brought them into Eugene and placed them in jail.

There was further testimony, on the part of the state, tending to show that, at the time of the collision, Allen was badly intoxicated. Numerous witnesses testified to his having the odor of intoxicating liquor upon his breath, to staggering upon the highway, to his general appearance, and as to statements and admissions made by Allen tending to show his intoxicated condition. There was also testimony tending to show that, when Allen reached the jail, he wanted to plead guilty and have the matter disposed of that night.

There was testimony from numerous witnesses, on the part of the defendant, tending to show that Allen was sober when he left Eugene and had no odor of liquor on his breath; and was sober and had no odor of liquor on his breath at the time of the accident or immediately subsequent thereto.

The jury found the defendant guilty as charged. He was sentenced to pay a fine in the sum of $500, and to serve four months in the county jail, with a provision that, upon the expiration of thirty days of his jail sentence, the remainder of the jail sentence should be suspended during good behavior. From the judgment of conviction, Allen appeals to this court, making five assignments of error, which may be properly incorporated into three assignments as follows:

The first one is, in allowing witnesses to testify, that from their observation of the defendant, they were of the opinion that Allen was intoxicated.

Second, that error was committed in allowing the introduction of the testimony of the witnesses Kegel and wife, given before the justice of the peace on the

trial of the cause, whom, the state claimed, were absent from the state; said objection being predicated upon the alleged fact that there was no sufficient showing of the absence from the state of such witnesses.

Third, that error was committed in allowing the stenographer, who reported the testimony of Kegel and wife at the trial in the Justice's Court, to read the testimony, given in the Justice's Court by the absent witnesses, from her original notes.       AFFIRMED.

For appellant there was a brief over the names of *Mr. Charles A. Hardy* and *Mr. Claude N. Johnston.*

For respondent there was a brief over the names of *Mr. John S. Medley,* District Attorney, and *Mr. Gordon S. Wells,* Deputy District Attorney.

McBRIDE, J.—1. Taking up the first assignment, we are clearly of the opinion that the evidence of the witnesses in regard to defendant's apparent state of intoxication is admissible: Underhill on Evidence (1 ed.), p. 168; 16 C. J. 759. In *American Bauxite Co.* v. *Dunn,* 120 Ark. 1 (178 S. W. 934, Ann. Cas. 1917C, 625, 626), the court used the following language:

"Whether a person is drunk or sober, or to what extent he is affected by intoxication is frequently determined by the direct answers of those who have seen and know the person than by their description of his conduct. Whether a person is drunk is a question which a person, not an expert is competent to answer as this is something which may fairly be considered as a matter of common knowledge. It is generally held that a person may state whether a certain person is intoxicated or had that appearance at a given time. The witness, in effect describes the facts,

when he gives his opinion as to the intoxication of a person whom he knows and has observed at a particular time. A witness may not be able to detail everything he has observed about a man which caused him to believe him to be drunk and yet may characterize the acts of a person whom he knows and observes such as to lead him to the opinion that he was or was not drunk at a particular time.''

In the latter case, the annotations cite a multitude of decisions amply supporting the conclusion arrived at in the opinion, and we are of the opinion that the objection to this testimony was not well taken.

2. It is objected that the court erred in admitting in evidence the testimony of Mr. and Mrs. Kegel, taken in shorthand, at the preliminary hearing, the principal ground of objection being, it was not sufficiently shown that they were absent from the state at the time of the trial in the Circuit Court. The *quantum* of evidence necessary to show such absence is largely within the discretion of the court and its ruling should not be disturbed except for an abuse of such discretion: *State* v. *Edmunson,* 120 Or. 297 (249 Pac. 1098), and *Territory* v. *Ayer,* 15 N. M. 581 (113 Pac. 604).

3. Prior, however, to the introduction of this testimony, the sheriff of Lane County testified that these absent witnesses were tourists; that they were reluctant to remain in Lane County so as to be present as witnesses at the trial in the Justice's Court the day following the arrest; that they were served with subpoenas to insure their appearance; that immediately after the trial in the Justice's Court he had a conversation with them in which they advised him that they were on their way to Pennsylvania; that from Eugene they were going to meet a friend in Portland, then

proceed to Philadelphia, Pennsylvania, and did not then intend to return to Oregon.

The whole testimony shows that these parties were merely tourists passing, for a temporary purpose, through the state to their home in Philadelphia, and without any intention of prolonging their stay or returning. This information was gained from their own declarations, which, under the circumstances, rise from the condition of mere hearsay to the dignity of verbal acts and was admissible.

In the annotations to the case of *Smith* v. *State,* 147 Ga. 689 (95 S. E. 281), republished in 15 A. L. R. 490, et cetera, is found a very copious citation of authorities upon the subject of the amount of evidence necessary to form a predicate for the admission of the testimony of witnesses taken at a former trial, and, in following up these annotations, we find that in very many cases the declarations of such witnesses, as to their present or future residence, their destination and their intention as to return, were admitted, and we think properly, as original evidence.

4, 5. We think the court was fully justified in the case at bar in assuming that the witnesses were beyond the jurisdiction of the court, and in allowing their testimony to be related by the stenographer who took it down. An objection was made to the stenographer reading the testimony from her shorthand notes, whereupon she was permitted to use these notes to refresh her memory, and in this way the testimony was practically reproduced. While we think the court's ruling went to the very verge in favor of the defendant, we are sure that there was no error to his prejudice and that the defendant had a fair trial. The judgment is therefore affirmed.

                                        AFFIRMED.