Submitted on record and briefs October 7, 2005, affirmed October 11, 2006, petition for review denied January 23, 2007 (342 Or 299)

## STATE OF OREGON,
*Respondent,*

*v.*

## CRAIG EDWARD AVERA,
*Appellant.*

04C-51819; A126912

145 P3d 288

Craig Edward Avera filed the briefs *pro se*.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Erika L. Hadlock, Assistant Solicitor General, filed the briefs for respondent.

Before Edmonds, Presiding Judge, and Linder, Judge, and Barron, Judge pro tempore.*

BARRON, J. pro tempore.

_____

* Barron, J. pro tempore, *vice* Wollheim, J.

**BARRON, J. pro tempore**

Defendant appeals from the trial court's judgment of conviction for violating a posted speed limit by driving on an interstate highway at a speed greater than 65 miles per hour. ORS 811.111(1)(a). The court imposed a fine based on a Class B traffic violation. ORS 811.109(2)(b). Defendant makes four assignments of error. We address only defendant's first three assignments of error and affirm.

The parties do not dispute the basic facts. Defendant was cited by Oregon State Police (OSP) Trooper Leighty for driving 82 miles per hour (mph) on Interstate 5, in a section where the speed limit was 65 mph. Defendant pleaded not guilty, requested a court trial, and represented himself. At the hearing, Leighty testified that he had been working in conjunction with Trooper Davie, an officer positioned in an OSP traffic aircraft. Davie did not attend the hearing but, through Leighty, submitted a notarized, sworn affidavit to the court. The affidavit was received in evidence without objection from defendant. In the affidavit, Davie stated that he had used a chronometer to measure defendant's vehicle's speed at 82 mph and had, by visual observations and verbal communications with Leighty, assured that Leighty had stopped the correct vehicle.

Leighty then testified that Davie had advised him about the speeding vehicle, including its speed, that Davie had guided him into position directly behind defendant's vehicle, and that, when Leighty pulled defendant over, Davie had confirmed that Leighty had stopped the correct vehicle.

■■ The court asked defendant if he wished the court to ask any questions of Leighty. Defendant's response precipitated a colloquy with the court:

"[DEFENDANT]: Your Honor, didn't [Trooper Davie] kind of need to be here to give this evidence? I mean, the silver car going down the highway isn't—there's tons of silver cars.

"THE COURT: Well, I have a sworn affidavit from Trooper Davie [who] testifies that he observed the silver colored vehicle, that he kept visual contact with the vehicle,

that he advised Trooper Leighty by radio of the vehicle color, speed and time and that he maintained two-way communication while observing Trooper Leighty stopping the vehicle. By that testimony, I'm able—and Trooper Leighty said that when he stopped, that you were in the car driving. And by that testimony, I'm able to determine that the two witnesses maintained contact with each other and maintained contact with your vehicle.

"[DEFENDANT]: Okay. I'm just wondering because, Your Honor, I was thinking—I mean, air speed and everything, if he would have lost track of me up ahead while I was still—I mean, ground speed, if I was going a lot slower than he was and he got way up ahead of me, I mean, there's a chance he might have lost sight of me then."

Defendant then stated that he had no more questions for Leighty, which prompted the following exchange:

"THE COURT: * * * At this time it's your turn and you can tell the Court anything that you want me to know before I make a decision.

"[DEFENDANT]: I wouldn't like to testify actually, Your Honor. I just—I mean —

"THE COURT: You just wanted to be sure they had the right guy?

"[DEFENDANT]: Well, yeah. I mean, I don't think I was going 82 miles an hour. I don't know how—

"THE COURT: How fast were you going?

"[DEFENDANT]: I believe I wasn't going any more than 75. I think I was going 75 at that time."

As noted, the court found that defendant violated ORS 811.111,[1] and that his violation constituted a Class B violation.[2] On appeal, defendant assigns error to the trial

---

[1] ORS 811.111(1) provides, in part:

"A person commits the offense of violating a speed limit if the person:

"(a) Drives a vehicle on an interstate highway at a speed greater than 65 miles per hour or, if a different speed is posted under ORS 810.180(3), at a speed greater than the posted speed."

[2] ORS 811.109(2) provides, in part:

"[I]f the [posted] speed limit is 65 miles per hour or greater and:

"(a) The person is exceeding the speed limit by 10 miles per hour or less, the offense is a Class C traffic violation.

court's admission of Davie's affidavit, on the grounds that it is hearsay and that defendant did not sign a waiver of his right to have Davie testify in court under ORS 153.080(2). He also assigns error to the court's admission of Leighty's testimony that conveyed Davie's statements about the vehicle's speed, arguing that the evidence was hearsay, and to the court's admission of his own statement that he was traveling at a speed of 75 mph, on the ground that his testimony was compelled by the court in violation of his right not to testify pursuant to ORS 153.076(4).[3] The state argues that defendant did not preserve any of the assignments of error and, even if there were plain error, as defendant contends, we should not reach the issues. We agree with the state that the first two assignments are not preserved.

The basis for defendant's contention that the court erred in admitting Davie's affidavit is ORS 153.080, which, in pertinent part, provides:

"Notwithstanding any other provision of law, the court may admit as evidence in any trial in a violation proceeding the affidavit of a witness in lieu of taking the testimony of the witness orally and in court. The authority granted under this section is subject to all of the following:

"(1) Testimony may not be presented by affidavit under the provisions of this section unless the court has adopted rules authorizing the use of affidavits and providing procedures for the introduction and use of the testimony.

"(2) The court shall allow testimony by affidavit under this section only upon receiving a signed statement from the defendant waiving the right to have the testimony presented orally in court.

"(3) Testimony by affidavit under this section is not subject to objection as hearsay."

_____

"(b) The person is exceeding the speed limit by more than 10 miles per hour but not more than 20 miles per hour, the offense is a Class B traffic violation.

"(c) The person is exceeding the speed limit by more than 20 miles per hour, the offense is a Class A traffic violation."

[3] ORS 153.076(4) provides, "The defendant may not be required to be a witness in the trial of any violation."

Marion County has a rule "authorizing the use of affidavits" and provides a form to implement it. The form has two check boxes, one of which is next to the words "Trial by Affidavit," and the other of which is next to the words "Court Trial." Defendant checked the latter box, thereby requesting a court trial and *not* waiving the right to have testimony presented orally in court. ORS 153.080. Because he requested a court trial and not a trial by affidavit, defendant contends that he implicitly raised his hearsay and waiver objections pertaining to the affidavit under ORS 153.080. We reject the contention. ORS 153.080 provides that if a defendant agrees to testimony by affidavit in a violation trial, a hearsay objection cannot be made to the affidavit. If, however, a defendant does not agree to testimony by affidavit and the state seeks admission of an affidavit or any other hearsay, a hearsay objection at trial must be made as it would have to be made in any other trial. Although defendant requested a court trial and did not waive his right to have testimony presented orally in court, it was still incumbent on him to object in a timely manner at trial to the admissibility of the affidavit on hearsay and waiver grounds, and he did not do so.[4] The relevant test for preservation of error is whether the defendant raised the issue with sufficient specificity that the trial court was able to consider the error about which the defendant complains and to have corrected it, if correction was warranted. *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000) (appellant was required to have provided trial court with "an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted"). The fact that defendant represented himself does not relieve him from the preservation requirement. *See State v. Morrow*, 192 Or App 441, 444, 86 P3d 70, *rev den*, 337 Or 282 (2004) ("[*P*]*ro se* litigants are bound by the same preservation rules that bind all other parties."). Having failed to raise his hearsay and waiver

---

[4] Assuming that defendant's statement to the court "didn't [Trooper Davie] kind of need to be here to give this evidence" was a hearsay objection, it was not timely because it was made after the affidavit was received in evidence and read by the court.

objections to the use of the Davie affidavit, defendant has not preserved any possible claim of error.

Defendant's objection to Leighty's testimony about what Davie told him is dependent on the same arguments challenging the affidavit. Our answer is the same. Defendant did not preserve the claim of error.

■ In light of our disposition of the first two assignments of error, any possible error raised by defendant's third assignment, in which he argues that the court compelled him to testify in violation of ORS 153.076(4), is harmless, because other evidence that was admitted and considered by the trial court was sufficient to convict defendant of a Class B traffic infraction.

Affirmed.