No. 32         September 19, 2024         727

IN THE SUPREME COURT OF THE
STATE OF OREGON

STATE OF OREGON,
*Petitioner on Review,*

*v.*

ERVAN RONELL HERRING,
*Respondent on Review.*
(CA A174188) (SC S070999)

On petition for review filed May 8, 2024;* considered on September 10, 2024.

Patrick M. Ebbett, Assistant Attorney General, Salem, filed the petition for review. Also on the petition were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Zachary Lovett Mazer, Deputy Public Defender, Oregon Public Defense Commission, Salem, filed the response to the petition for review. Also on the response was Ernest G. Lannet, Chief Defender, Criminal Appellate Section.

Before Flynn, Chief Justice, and Duncan, Garrett, DeHoog, James, and Masih, Justices.**

PER CURIAM

The petition for review is allowed.

James, J., dissented and filed an opinion.

*Held*

_____

* Appeal from Multnomah County Circuit Court, Benjamin N. Souede, Judge. 331 Or App 193, 545 P3d 143 (2024).

** Bushong, J., did not participate in the consideration or decision of this petition.

**PER CURIAM**

The petition for review is allowed.

**JAMES, J.,** dissenting.

In this case, concerning the admissibility of other acts evidence of gang affiliation, the state proffered the evidence at trial under OEC 404(3), and has relied solely upon OEC 404(3) in its petition to this court. But, as we made clear in *State v Davis*, 372 Or 618, 633, 553 P3d 1017 (2024), "in criminal trials in Oregon, the applicable subsection of OEC 404 that applies to acts of a defendant offered in a criminal trial is OEC 404(4), not OEC 404(3)." That pronouncement in *Davis* was not new—indeed it merely reiterated what we said nearly a decade ago in *State v. Williams*, 357 Or 1, 15, 346 P3d 455 (2015), that "the legislature intended OEC 404(4) to supersede 404(3) in criminal cases." I do not know how much clearer we can be at this point. In a criminal prosecution in Oregon, when the issue is the admission of other acts of the defendant, offered by the state, the state needs to address OEC 404(4). *There is no other correct framing.* OEC 404(3) is an analytical tool in performing OEC 403 balancing, it is not the operative rule for admissibility under OEC 404. As we have said, "[e]ven though OEC 404(3) is no longer technically controlling of other acts of a defendant in a criminal trial, considering how the proffered evidence would have fared under that rule 'will have a significant effect on whether the trial court admits that evidence' under the balancing required by OEC 403." *Davis*, 372 Or at 635.

Because the petition for review in this case continues the intractable resistance of the state, both in trial courts around Oregon, and on appeal, to argue and address the correct rule of evidence—OEC 404(4)—I would deny review. Our shelves are filled with other acts cases discussing OEC 404(3), when OEC 404(4) and OEC 403 would be the correct analysis; we need not add another. However, having granted review in this case, the parties should at least expect questions on OEC 404(4). I respectfully dissent.