No. 709          October 9, 2024          373

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CARLOS CARMELLO,
aka Carlos Alejandro Carmello,
*Defendant-Appellant.*

Multnomah County Circuit Court
19CR26932; A179482 (Control), A179501

Steffan Alexander, Judge.

Argued and submitted September 12, 2024.

Brian Conry argued the cause and filed the briefs for appellant.

Christopher A. Perdue, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, Kamins, Judge, and Kistler, Senior Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

In this criminal case, defendant appeals from convictions, after a bench trial, of three counts of sexual abuse in the first degree, seven counts of rape in the first degree, one count of unlawful penetration in the second degree, and one count of sodomy in the first degree.[1] In a single assignment of error, defendant contends that the trial court plainly erred in failing to *sua sponte* prevent the prosecutor and witnesses from vouching for defendant's stepdaughter, C, by using the words "disclose" or "disclosure" in referring to C's allegations and reports of sexual abuse. We conclude that there was no plain error by the trial court in failing to *sua sponte* exclude the challenged statements.

At defendant's trial, the prosecutor and witnesses used the words "disclosed" or "disclosure" multiple times to refer to C's reports of sexual abuse. For example, the prosecutor used the term "disclosure" in the opening statement, in questioning C, detectives, C's therapist, a CARES interviewer, and C's mother, and in closing argument. The witnesses also used the terms "disclose" and "disclosures" in their testimony discussing C's reports of the sexual abuse. Defendant's counsel did not object to any of those references and in fact used the terms as well in the opening statement and in cross-examination of the state's witnesses. The trial court also used the terms "disclosure" and "disclose" in an evidentiary ruling and in its speaking verdict. On appeal, defendant now asserts that those words implied an opinion as to the truthfulness of C's reports and therefore constituted improper vouching; thus, defendant contends, the trial court committed plain error in failing to prevent the witnesses and attorneys from using the terms.

The state responds that both parties and the court used the terms "disclose" and "disclosure" in a neutral sense, as a synonym for "report," "allegation," or "complaint," and not to suggest that C was telling the truth, and that there was no vouching and no error, let alone plain error.

An error is plain if it is one of law that appears on the face of the record and is obvious or not reasonably in dispute. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381, 823

---

[1] The court acquitted defendant on 13 counts.

P2d 956 (1991). Here, as explained below, we conclude that there was no plain error.

Vouching is the expression of opinion about the credibility of a witness. *State v. Sperou*, 365 Or 121, 128, 442 P3d 581 (2019). Vouching by a witness or a party's attorney during a trial is prohibited, because determining the credibility of a witness is the province of the factfinder. *Id.* (the "vouching rule" is a judicially created rule of evidence designed to "serve[] the policy goals of ensuring that the jury remains the sole arbiter of witness credibility and that the jury's role in assessing witness credibility is not usurped by another witness's opinion testimony."). Thus, vouching evidence is not admissible at trial. *State v. Black*, 364 Or 579, 591, 437 P3d 1121 (2019) (vouching evidence is categorically excluded). Whether a statement constitutes impermissible vouching is a legal question for the court. *Black*, 364 Or at 591.

Vouching does not always consist of a direct statement regarding a witness's credibility; it can consist of subtler statements that convey the speaker's view of the person's credibility. *See*, *e.g.*, *Sperou*, 365 Or at 128 (rule of exclusion applies both to direct comments as to a witness's credibility and to other statements, whether made in or out of court, that are "tantamount" to comments on the veracity of a witness); *State v. Milbradt*, 305 Or 621, 630, 756 P2d 620 (1988) (witness's opinion "that a person is not deceptive, could not lie without being tripped up, and would not betray a friend" is "tantamount" to a direct comment on another witness's credibility). Thus, the context in which the statement was made is important in determining whether it constitutes a comment on credibility.

In another sexual abuse case, *State v. Solano*, 332 Or App 646, 649, 551 P3d 938, *rev allowed*, 372 Or 763 (2024), we recently addressed whether witnesses' use of the term "disclosure" constituted vouching. The issue in that case was preserved. We said in *Solano* that the term "disclosure" does not necessarily express that the disclosed information is true or false.[2] Rather, we concluded, the term suggests

---

[2] We noted the definition of the term in *Webster's Third New Int'l Dictionary* 645 (unabridged ed 2002) (defining "disclose" as "to expose to view" or "to make known" or "open up to general knowledge").

that the information was not previously shared. *Id.* ("The term itself does not express that the disclosed information is necessarily true or false. Rather, it suggests that the information was not previously shared."). Thus, we reasoned, a witness who uses the term "disclosure" does not necessarily vouch for the credibility of a person who makes a "disclosure" that they have been abused; rather, it depends on the context in which the term is used. *Id.* at 648. Although we said in *Solano* that we did not "foreclose the possibility that the term "disclosure" may, in some instances, constitute improper vouching," *Id.* at 655 n 6, we held that, based on the record in that case, the witnesses' use of term "disclosure" did not constitute vouching. *Id.* at 655.

Here, we are in a plain error posture, so the inquiry is a bit different: The question is whether it obvious and not reasonably in dispute that the terms "disclose" and "disclosure," as used at trial by the witnesses, the lawyers, and the court, constituted impermissible vouching. We have reviewed the record; the terms "disclose" and "disclosure" were indeed used frequently by the various persons involved in the trial, include the court. We conclude, however, based on our review, that it is not obvious that, in the contexts in which the terms were used, the terms "disclose" or "disclosure" conveyed an opinion on the credibility of C's testimony. Rather, the record supports a conclusion that the terms were used by those individuals as synonyms for "report," "complaint," or "allegation," without any implication as to their truth. We therefore conclude that there was no plain error.

Affirmed.