No. 873     December 4, 2024     555

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JENNIFER LYNN HUERTA,
aka Jennifer Lynn Coffman,
*Defendant-Appellant.*

Clackamas County Circuit Court
22CR06915; A178685

Todd L. Van Rysselberghe, Judge.

Submitted January 24, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Emily P. Seltzer, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patrick M. Ebbett, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Landau, Senior Judge.

LANDAU, S. J.

Affirmed.

**LANDAU, S. J.**

In this criminal case, defendant appeals her judgment of conviction for mail theft. ORS 164.162. She advances three assignments of error: First, the trial court erred in excluding testimony of lay witnesses who would testify about her mental health. Second, the court erred in denying her request for victim and witness contact information. And third, the court erred in failing, *sua sponte*, to strike evidence pertaining to a burglary charge that the state dismissed mid-trial. We conclude that none of her assignments is well taken and affirm.

The relevant facts are not in dispute. B stopped at her mother's mailbox to pick up her mother's mail, including a letter, a magazine, and a package containing COVID-19 test kits. Defendant approached B and grabbed both the letter and the package. After a brief struggle, defendant left and walked into a nearby house. Police arrived, obtained permission from the owner to enter the house, and found defendant inside. Defendant told the police that the items taken from the mailbox were in a nearby backpack. Police searched the backpack and found COVID-19 test kits, as well as an antique wrapped in cloth and a wooden box, both of which had been taken from a resident of the house where she had been hiding.

Defendant was charged with mail theft and burglary. She represented herself at trial, where she admitted that she had intentionally taken the mail from B but asserted she had done so believing that the contents of the mailbox belonged to defendant's mother.

Defendant offered the testimony of two witnesses who she said would testify about her mental health at the time of the mailbox incident. The state moved to exclude the testimony, arguing that the witnesses were not experts and were not qualified to testify about defendant's mental health. Defendant responded that the first of the two witnesses, Larkin, was a close friend who would testify that her mental health had "deteriorated quite a bit" over the previous year since she had been released from prison. She said that he would not offer any type of "medical analysis" but

would testify that "I wasn't myself, basically, compared to the nine years prior to this past year." Defendant said that the second of the two witnesses, Evans, was her boyfriend and would testify that she told him that she was going to Larkin's house that morning to get her mail, and "that's all he would be attesting to and my mental state at the time." The court granted the state's motion to exclude Larkin's testimony. It also granted the motion as to any testimony from Evans concerning defendant's mental state, though it ruled that Evans could testify about "what he observed you doing that day."

Defendant also requested victim and witness identifying information. The state objected on the ground that relevant statutes prohibit the disclosure of such information to a *pro se* defendant unless the court finds that the information cannot be obtained by other means. ORS 135.815(4)(b)(ii). Defendant said only that "I'd need those, whatever to find to give a PI or whoever to contact those people on my behalf." The trial court denied defendant's request.

During the trial, the state offered evidence in support of the burglary charge, including evidence that the items that police had found in defendant's backpack were personal property belonging to the resident of the house. When the resident of the house ultimately failed to appear at trial, however, the state moved to dismiss the burglary charge, and the trial court granted the motion. Defendant did not ask the court to strike the evidence that she had taken property while in the resident's home. Defendant was ultimately convicted of the mail theft charge.

On appeal, defendant first argues that the trial court erred in excluding testimony of Larkin and Evans as to her mental state during the mail theft incident. She argues that the testimony was lay opinion, permissible under OEC 701. The state argues that lay opinion testimony is permissible only if helpful to the determination of a fact in issue, and in this case, defendant cannot satisfy that qualification. Defendant responds that the testimony was relevant to the issue of her intent.

The state is correct. We review the trial court's exclusion of lay witness testimony for errors of law. *State v.*

*Barnes*, 208 Or App 640, 648, 145 P3d 261 (2006). OEC 701 provides:

> "If the witness is not testifying as an expert, testimony of the witness in the form of opinions or inferences is limited to those opinions or inferences which are:
>
> "(1)    Rationally based on the perception of the witness; and
>
> "(2)    Helpful to a clear understanding of testimony of the witness or the determination of a fact in issue."

ORS 40.405. Generally speaking, OEC 701 provides a "liberal standard" for the admissibility of lay witness testimony. *State v. Banks*, 318 Or App 381, 389, 507 P3d 787 (2022). Still, when such testimony is excluded, the party proffering it must make an offer of proof that establishes a connection between the testimony and a fact in issue.

In *State v. Wright*, 284 Or App 641, 393 P3d 1192 (2017), for example, the defendant was charged with aggravated animal abuse. At trial, he offered testimony of a neighbor as to his "intellectual disability" as evidence pertaining to his intent at the time of the alleged abuse. *Id.* at 644. This court upheld the exclusion of that testimony because the defendant had failed to make an offer of proof that established "a connection between the intellectual disability and the alleged mental state, such as evidence that his particular intellectual disability could affect his judgment or his ability to think of other options" for the animals in his care. *Id.* at 648.

In this case, likewise, defendant made no offer of proof, advising the court only that Larkin and Evans would testify about her "mental state" at the time of the mailbox incident. Defendant did not establish a connection between the particular nature of her mental state and the level of her intentionality when she took the letter and the package. The trial court did not err in excluding the lay opinion testimony.

Defendant next argues that the trial court erred in denying her request for victim and witness contact information. She contends that she demonstrated that she could not adequately investigate her case without the contact

information. The state responds that she made no such demonstration at trial or on appeal.

We agree with the state. ORS 135.815(4)(a) provides that, if a defendant is not represented by a lawyer, the district attorney is required to disclose discovery materials "except for the personal identifiers of the victim and any witnesses." The statute then provides:

"(b)   Notwithstanding paragraph (a) of this subsection, the district attorney shall disclose personal identifiers of the victim and any witnesses if the court orders the disclosure. A trial court shall order the district attorney to disclose the personal identifiers of the victim and any witnesses if the trial court finds that:

"(A)   The defendant has requested the information; and

"(B)(i)   The victim or witness is a business or institution, and disclosure of the information would not represent a risk of harm to the victim or witness; or

"(ii)   The need for the information cannot reasonably be met by other means."

*Id*. Whether defendant satisfied the requirements of that statute poses a question of law. *State v. Johnson*, 210 Or App 733, 740, 152 P3d 962 (2007).

In this case, defendant did not satisfy the requirements of the statute. She said only that "I'd need those, whatever," so that she could give the information to "a PI or whoever to contact those people on my behalf." Telling the court that she needed the information was not sufficient, however. The statute assumes that a *pro se* defendant needs the information. What the statute requires is a showing that the need for the information "cannot reasonably be met by other means." ORS 135.815(4)(b)(B)(ii). Defendant offered the court no information about that. The trial court did not err in denying defendant's request for victim and witness contact information.

Finally, defendant argues that the trial court erred in failing to strike evidence that the state had offered in support of its burglary claim. She acknowledges that she failed to preserve that claim of error. She asks that we reverse

anyway because of plain error. According to defendant, the evidence as to her burglary was, at best, minimally relevant to the mail theft claim and was highly prejudicial, likely having the effect of leading the jury to disbelieve her claim that she took the mail under an honest claim of right. The state argues that defendant has offered no basis for reversing because of plain error. According to the state, any error in failing to strike such evidence is not obvious, because it could have been admissible as evidence of a plan to steal from homes in the neighborhood. In any event, the state argues, defendant has failed to provide a reason for us to exercise our discretion to correct such an error.

We agree with the state. We may review an unpreserved claim of error only if it is shown that the error was (1) an error of law; (2) the error is obvious and not reasonably in dispute; and (3) the error is apparent on the face of the record and does not require the court to choose between competing inferences to find it. *State v. Robertson*, 289 Or App 703, 708, 412 P3d 223, *rev den*, 363 Or 481 (2018). If those three requirements have been met, we have discretion to review the error, but we must explain our reasons for doing so. *State v. Russin*, 334 Or App 564, 566, 557 P3d 1109 (2024).

Here, defendant argues that the trial court's failure, *sua sponte*, to strike the evidence of the burglary amounted to plain error, because it amounted to inadmissible evidence of prior misconduct under OEC 404(3).[1] That rule provides:

> "Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

---

[1] We note that the actual operative rule is OEC 404(4). *See State v. Davis*, 372 Or 618, 633, 553 P3d 1017 (2024) ("Now, in criminal trials in Oregon, the applicable subsection of OEC 404 that applies to acts of a defendant offered in a criminal trial is OEC 404(4), not OEC 404(3)."); *see also State v. Herring*, 372 Or 727, 728, 557 P3d 523 (2024) (James, J., dissenting from order allowing review) ("In a criminal prosecution in Oregon, when the issue is the admission of other acts of the defendant, offered by the state, the state needs to address OEC 404(4). *There is no other correct framing.* OEC 404(3) is an analytical tool in performing OEC 403 balancing, it is not the operative rule for admissibility under OEC 404.") (Emphasis in original.)).

*Id.* Even if such evidence is relevant for a nonpropensity purpose, its ultimate admissibility turns on the balancing of probative value and prejudicial impact required under OEC 403. *State v. Baughman*, 361 Or 386, 404-05, 393 P3d 1132 (2017).

Defendant's arguments about the admissibility of the evidence, however, assume that there was no burglary charge before the jury at the time the evidence was admitted. That is not the posture of the case, however. Here, at the time the evidence was admitted there was in fact a burglary charge before the court. And there is no argument that, *at that time*, the evidence was not admissible to prove that defendant had committed that offense. The question before us is whether, after the burglary charge was withdrawn, it was plain error for the trial court to fail to strike the evidence that was admissible when offered. Defendant cites no authority for that proposition, and we are aware of none. At the least, we cannot say that the failure to exclude such evidence is "obvious and not reasonably in dispute." *State v. Carmello*, 335 Or App 373, 376, ___ P3d ___ (2024). We reject defendant's argument that the trial court committed plain error in failing, *sua sponte*, to strike the evidence of the burglary.

Affirmed.