No. 22　　　　　January 2, 2025　　　　　325

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of E. P.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

C. P.,
*Appellant.*

Crook County Circuit Court
23JU06000; A184009

Daina A. Vitolins, Judge.

Submitted November 18, 2024.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Kyle Sessions Vazquez, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Kirsten M. Naito, Assistant Attorney General, filed the brief for respondent.

Before Hellman, Presiding Judge, Lagesen, Chief Judge, and Mooney, Senior Judge.

HELLMAN, P. J.

Affirmed.

**HELLMAN, P. J.**

Father appeals a juvenile court judgment taking jurisdiction over his two-year-old child, E. The court found E within its jurisdiction on the following bases: (1) father "subjected [E] to physical abuse" and (2) father "subjected one or more of [E's] siblings to physical abuse, placing [E] at risk of harm." On appeal, father raises two assignments of error, arguing that the juvenile court erred when it admitted two exhibits at the jurisdictional hearing that contained vouching statements. We affirm.

In a combined argument, father argues that a medical evaluation of E's sibling, P, and a CARES Northwest's medical case review of E's records contained vouching statements. Specifically, father points to the following statements in P's medical evaluation: that "it is highly likely that [P] has experienced multiple forms of abuse" and that P's resource parent believed that P had "been exposed to domestic violence by [mother] and [mother's] partners." In addition, father argues that a diagnosis in E's medical case review— "Child physical abuse, suspected, initial encounter"— constitutes vouching. The state responds that father did not preserve those arguments.

"Generally, an issue not preserved in the trial court will not be considered on appeal." *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). "[A] party must provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted." *Id.* at 343. "We have previously drawn attention to the distinctions between raising an issue at trial, identifying a source for a claimed position, and making a particular argument. The first ordinarily is essential, the second less so, the third least." *State v. Hitz*, 307 Or 183, 188, 766 P2d 373 (1988) (emphasis and citations omitted).

We conclude that father did not preserve the argument that he makes on appeal. At the jurisdictional hearing, father objected when DHS offered several exhibits, including P's medical evaluation, under OEC 803(4).

Father argued that the exhibits themselves were hearsay because the children had not received medical treatment from the medical center that created the exhibits. Father also objected when the DHS attorney asked the forensic interviewer whether "child abuse [is] a medical diagnosis." Father argued that "[*State v. Southard*, 347 Or 127, 218 P3d 104 (2009),] certainly restricts absolutely a witness from being asked that question or answering it, or saying that there's any such thing as a diagnosis of child abuse." When the juvenile court asked whether the case applied in a juvenile dependency proceeding, father responded that "it's a vouching case, and it's vouching, and vouching is certainly not allowed in a dependency case." Later, when DHS sought to admit both exhibits into evidence, father stated that he continued to object to the exhibits. Despite his objections to the exhibits themselves, father did not raise a vouching objection to the specific statements in those exhibits that he now challenges on appeal. To properly raise the issue before the trial court, father needed to make an objection that was specific as to the statements he challenged and the reason they were inadmissible. Otherwise, "[w]hen a party objects to evidence as a whole and the trial court rules that the evidence is admissible, the reviewing court will affirm the trial court's ruling when any part of the evidence is admissible." *State v. Collins*, 256 Or App 332, 347, 300 P3d 238 (2013). Father's earlier general objections did not preserve his argument. *See State v. Avera*, 208 Or App 625, 630, 145 P3d 288 (2006), *rev den*, 342 Or 299 (2007) ("The relevant test for preservation of error is whether the defendant raised the issue with sufficient specificity that the trial court was able to consider the error about which the defendant complains and to have corrected it, if correction was warranted.").

Alternatively, father requests plain-error review. We may review an unpreserved error if it is "plain error." *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). A plain error is "an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences." *Id.* If we conclude that an error is "plain," we must "determine whether to exercise [our] discretion to review the error." *Id.* at 630. As relevant here, "[w]hen faced with an unpreserved claim of

error regarding vouching, our first task is to assess the challenged testimony to determine whether the witness unambiguously vouched, may or may not have vouched (ambiguous), or unambiguously did not vouch." *State v. Murphy*, 319 Or App 330, 335, 510 P3d 269, 273 (2022). "Vouching is the expression of opinion about the credibility of a witness." *State v. Carmello*, 335 Or App 373, 375, 558 P3d 439 (2024). "Vouching does not always consist of a direct statement * * * it can consist of subtler statements that convey the speaker's view of the person's credibility." *Id.*

We conclude that, viewed in the context of the record as a whole, the challenged statements were not unambiguous vouching. Given the other evidence of father's history of domestic violence presented at the jurisdictional hearing and the resource parent's longstanding involvement with P, the challenged statements from P's medical evaluation do not clearly express an opinion about P's credibility. At best, those statements are ambiguous vouching, which is not a basis for plain error review. *See Murphy*, 319 Or App at 335 ("[I]f a witness's testimony was ambiguous—such that the witness may or may not have been vouching—there is no plain error in not having stricken the testimony *sua sponte*, in part because the lack of objection prevented clarification of the testimony."). Similarly, given the other evidence of father's physical abuse of E, the statement in E's medical case review diagnosing "Child physical abuse, suspected, initial encounter," does not clearly express an opinion about E's credibility. Again, at best, that statement constitutes ambiguous vouching, and is not a basis for plain error review. *See id.*

Affirmed.