208 April 30, 2025 No. 380

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSHUA DANIEL HUTCHINGS,
*Defendant-Appellant.*

Multnomah County Circuit Court
20CR07446; A179185

Heidi H. Moawad, Judge.

Argued and submitted June 12, 2024.

Stacy M. Du Clos, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission.

Joanna R. Hershey, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Defendant appeals a judgment of conviction for one count of unlawful use of a weapon, ORS 166.220. In a single assignment of error, defendant argues that the trial court plainly erred "in failing to *sua sponte* intervene and strike" a police officer's testimony during his redirect examination because, in defendant's view, the testimony constituted "true vouching." Because the record supports a plausible inference that defense counsel chose not to object to the officer's testimony in order to advance his trial strategy, we conclude that the trial court did not plainly err. Accordingly, we affirm.

We "may consider errors that were not properly preserved or raised if they constitute 'plain error.'" *State v. Wiltse*, 373 Or 1, 10, 559 P3d 380 (2024). A plain error "must be an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences." *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). Thus, "[t]he question is whether it is obvious and not reasonably in dispute that" the officer's testimony "constituted impermissible vouching." *State v. Carmello*, 335 Or App 373, 376, 558 P3d 439 (2024). "In evaluating whether the trial court plainly erred *** we must consider the entire context in which the challenged questions were asked." *State v. Corkill*, 262 Or App 543, 544, 325 P3d 796, *rev den*, 355 Or 751 (2014). If we conclude that an error is plain, then we must "determine whether to exercise [our] discretion to review the error." *Vanornum*, 354 Or at 630.

At trial, the officer testified on direct examination that he contacted defendant on the phone and that defendant "was pretty happy. He said he'd

had some ongoing issues with a neighbor." The officer also testified that he interviewed the victim and that the victim "was shaken up." On cross-examination, defense counsel asked the officer several questions about his experience evaluating "credibility" and "demeanor." Those questions included:

- "[H]ad you had prior incidents where you were having to assess a 'he said/she said' kind of scenario where there was no other proof?"

- "And did you create some type of method for doing that, for determining the credibility of those two—of two people that have a scenario?"

- "In that prior experience, where you might have gone out and let's just say two people had a dispute, would you say in the totality of it, *** that people's demeanor varies with the situation that you're being presented with?"

- "Do they—do their emotions always match the—the— what's being alleged or accused?"

- "Would you say that the accusers typically have a similar type of demeanor and the person accused has a similar type of demeanor?"

- "My understanding is you're saying that the people who are the accuser, have a similar demeanor and those who are accused have a similar demeanor."

On redirect examination, the state asked the officer about "the conversation that [he] had with the defendant," and the following exchanged occurred:

"[THE STATE]:   And in fact, in response to the questions asked by [defense counsel] did you—did you come to a conclusion about whether you thought he was telling the truth?

"[THE OFFICER]:   I did.

"[THE STATE]:   And what was that conclusion?

"[THE OFFICER]:   I felt that he was not truthful."

We conclude that the trial court did not plainly err when it did not strike, *sua sponte*, the officer's testimony on redirect examination. We have reviewed the record and conclude that it supports a plausible inference that defense counsel chose not to object to the officer's testimony in order to advance his trial strategy. *See State v. Wilson*, 266 Or App 481 492, 337 P3d 990 (2014), *rev den*, 356 Or 837 (2015) ("[A]ny error by the trial court in failing to strike vouching testimony is not 'plain' if the testimony is subject to a 'competing

inference' that defense counsel had a 'plausible' reason to not object to the evidence."); *see also State v. Macias*, 282 Or App 473, 481, 386 P3d 186 (2016) ("It is well established that an error does not qualify as plain error if the record contains a competing inference that the party may have had a strategic purpose for not objecting and that competing inference is plausible." (Internal quotation marks omitted.)).[1]

Our decision in *State v. Cone*, 289 Or App 391, 410 P3d 347 (2017), *rev den*, 362 Or 860 (2018), is instructive here. As in *Cone*, we do not understand the state to dispute that the testimony constituted vouching. *Id.* at 395. Moreover, like in *Cone*, our review of the record indicates that "a central part of defendant's strategy was to cast doubt on whether" the officer conducted a thorough investigation. *Id.* Indeed, "[t]hat was a theme" during the officer's cross-examination in this case as well as in defendant's opening statement and closing argument. *Id.*

However, we are unpersuaded by defendant's argument that *Cone* is distinguishable from this case because, in his view, the testimony in that case "benefited a defense strategy in a tangible way" while the record in this case "does not support an inference that defendant withheld an

---

[1] The Supreme Court has clarified that in cases where the alleged error is an improper jury instruction, an argument that a defendant had a strategic reason not to object is properly a consideration in determining whether to exercise discretion to correct plain error, but not in determining whether any error is plain. *Wiltse*, 373 Or at 19, 23 (in determining whether to exercise discretion to correct plain error "[c]ourts may also consider whether the party alleging the plain error * * * made a strategic choice not to object to it").

On appeal, we observe that neither party argues that *Wiltse* is "irreconcilable such that [it] implicitly overrule[s]" our vouching case law. *Romero v. Amburn*, 323 Or App 410, 412, 523 P3d 1135 (2022), *rev den*, 371 Or 106 (2023). As a consequence, we adhere to our long line of vouching decisions and consider whether the record supports an inference that defendant strategically declined to object to the officer's testimony in determining if any error was plain. *See, e.g.*, *Macias*, 282 Or App at 483 (concluding that "the trial court did not plainly err in failing to intervene in defendant's cross-examination of the witness and strike the testimony *sua sponte*"); *State v. Hanson*, 280 Or App 196, 202, 380 P3d 1136, *rev den*, 360 Or 751 (2016) (concluding that "the challenged testimony does not qualify for plain error review because, to decide the issue, we would have to choose between competing inferences about whether defendant made a conscious decision not to object to the testimony"); *State v. Wilson*, 266 Or App at 492 ("[A]ny error by the trial court in failing to strike vouching testimony is not 'plain' if the testimony is subject to a 'competing inference' that defense counsel had a 'plausible' reason to not object to the evidence.").

objection for tactical reasons." The state responds that "[i]t is plausible" that defendant did not object "because [the vouching testimony] helped advance [defendant's] theory of defense." We agree with the state's argument. As noted above, defendant's "strategy was to cast doubt" on the investigation through his opening statement, cross examination, and closing argument. *Id.* at 397. Specifically, defendant argued that the officer had—incorrectly—disbelieved defendant from the start, and that that incorrect belief caused the police to conduct an inadequate investigation. In that context, "the trial court did not plainly err in declining to *sua sponte* strike that testimony." *Id.*; *see also Macias*, 282 Or App at 481 (concluding that "the trial court did not plainly err in failing to intervene and strike the testimony in this case given that one can plausibly infer from the record that defense counsel may have had a strategic purpose in not objecting").[2]

Affirmed.

---

[2] Even if there were plain error, we would not exercise our discretion to correct it. *See Vanornum*, 354 Or at 630 ("That discretion entails making a prudential call that takes into account an array of considerations" and "is one to be made with the utmost caution." (Internal quotation marks omitted.)); *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991) (providing that we may consider, among other factors "the nature of the case" and "the gravity of the error"). As we conclude above, the record supports a plausible inference that defendant had a strategic reason not to object to the testimony. Apart from that, in considering the "gravity of the error," we observe that "this is not the kind of expert vouching testimony that most often has prompted this court to reverse a criminal conviction *** because the trial court should have stricken vouching testimony *sua sponte*." *State v. Inman*, 275 Or App 920, 932, 366 P3d 721 (2015), *rev den*, 359 Or 525 (2016). Here, the officer "was not presented as an expert in identifying untruthfulness *** [and] his identity as a law-enforcement officer, standing alone, would not necessarily have led the jury to believe that he had special insight into [defendant's] veracity." *Id.* Further, with respect to "whether the trial court was, in some manner, presented with both sides of the issue and given an opportunity to correct any error," *Ailes*, 312 Or at 382 n 6, "[h]ad defendant objected to [the officer's] testimony, the trial court could have easily cured any error by striking the testimony and instructing the jury to disregard it." *Inman*, 275 Or App at 934.